UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

          Plaintiff,

v.                                              Case No. 16-2380-DDC

HAWKER BEECHCRAFT GLOBAL CUSTOMER
SUPPORT, LLC,

          Defendant.

## **ORDER**

The plaintiff, Prudential Insurance Company of America, brings this negligent bailment cause of action alleging its aircraft was damaged by a hail storm while in the possession and control of the defendant, Hawker Beechcraft Global Customer Support, LLC. Plaintiff seeks $501,000.00 in damages from defendant for the diminution in value of its aircraft.

On December 7, 2016, defendant filed a motion for summary judgment (ECF No. 19) on the basis that plaintiff lacks expert testimony providing a causal link between defendant's claimed negligence and the alleged diminution in value of plaintiff's aircraft. Defendant's motion correctly observes that under the scheduling order entered in this case (ECF No. 12), plaintiff's expert witnesses were to be disclosed by November 21, 2016. Defendant's motion points out that plaintiff did not make any expert disclosures on or before November 21, 2016, nor did plaintiff seek an extension of time to disclose

1

its experts before the expert deadline or at any time before defendant filed its motion for summary judgment. Defendant also notes in its motion, "[d]espite multiple requests from defendant, plaintiff also failed to meet the [September 30, 2016] settlement proposal deadline … and the [October 4, 2016] initial disclosure deadline..."[1] On December 9, 2016, by way of email, plaintiff's counsel contacted the court seeking a telephone status conference, claiming that defendant's summary judgment motion circumvents the requirements of Fed. R. Civ. P. 37 insofar as defendant did not confer with plaintiff regarding plaintiff's outstanding expert disclosures prior to filing its motion.

Pursuant to plaintiff's informal request, on December 13, 2016, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference.[2] Plaintiff appeared through counsel, Taylor Fields and Carla Fields Johnson. Defendant appeared through counsel, Michael G. Jones and William Rick Griffin.

For the reasons stated on the record and explained further below, the court, on its own motion, has modified the scheduling order filed on September 20, 2016 (ECF No. 12).[3] Accordingly, defendant's motion for summary judgment is denied as moot without prejudice to refiling. Plaintiff is directed to pay defendant's attorneys' fees associated with its summary judgment motion, limited to $5,000.00.

---

[1] ECF No. 20.

[2] Prior to the conference, the undersigned alerted the presiding U.S. District Judge, Daniel D. Crabtree, of the pendency of the issue as framed by plaintiff's counsel's email, and its practical intersection with the summary judgment motion pending before Judge Crabtree.

[3] The court has separately issued an amended scheduling order (ECF No. 24).

2

16-2380-DDC-19.docx

**Background**

On September 20, 2016, the undersigned entered a scheduling order in this case, requiring plaintiff to submit its settlement proposal and to serve its initial disclosures by September 30, 2016 and October 4, 2016, respectively.[4] Plaintiff concedes that both its settlement proposal and initial disclosures were untimely.[5] Plaintiff also concedes it has not served expert disclosures, despite the November 21, 2016 deadline set forth in the scheduling order. According to plaintiff, each of its failures to comply with the court's scheduling order was an "oversight." Plaintiff makes vague reference to internal docketing issues and difficulty in compiling necessary information to explain its delays. Despite its admitted case management failures, plaintiff claims that defendant's summary judgment motion circumvents the requirements of Fed. R. Civ. P. 37 insofar as defendant did not attempt to confer with plaintiff regarding plaintiff's outstanding expert disclosures prior to filing its motion.

Defendant argues that its summary judgment motion is *not* a motion for discovery sanctions and instead, treats plaintiff's failure to disclose experts as a conscious election to proceed without expert testimony. Defendant cites ethical concerns in pointing out plaintiff's lack of evidence prior to seeking summary judgment.

---

[4] ECF No. 12.

[5] Plaintiff claims it served its initial disclosures on October 21, 2016 (i.e., still 17 days late, and without benefit of any agreement reached with defense counsel, and also without benefit of any motion having been filed seeking an extension). Defendant claims it did not receive plaintiff's initial disclosures until after the filing of defendant's summary judgment motion.

## Analysis

Fed. R. Civ. P. 16(b)(4) governs modification of scheduling orders.  It provides that a scheduling order may be modified "only for good cause."  To establish good cause, plaintiff must show it could not have met the scheduling-order deadlines even if it had acted with "due diligence."[6]  In making this showing, plaintiff "must provide an adequate explanation for any delay."[7]  "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the … scheduling order is not advisable."[8]  Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[9]

The court finds plaintiff's explanation of its delay inadequate to satisfy the Rule 16(b) "good cause" standard for modifying the scheduling order deadline.  As indicated above, plaintiff offers little in the way of explanation for its failures to comply with the deadlines set in this case beyond asserting that such failures were an "oversight."

---

[6] *Butler Nat'l Serv. Corp. v. Navegante Grp., Inc.*, Nos. 09-2466, 09-2554, 10-2444, 2011 WL 941017, at *2 (D. Kan. Mar. 16, 2011); *Manuel v. Wichita Hotel Partners*, LLC, No. 09-1244, 2010 WL 3861278, at *1–2 (D. Kan. Sept. 20, 2010) (quoting *Greig v. Botros*, No. 08-1181, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010)); *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008).

[7] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[8] *Capital Solutions, LLC v. Knoica Minolta Bus. Solutions U.S.A., Inc.*, Nos. 08-2027, 08-2191, 2009 WL 3711574, at *8 (D. Kan. Nov. 3, 2009) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[9] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

Nevertheless, in light of the court's strong predisposition to resolve cases on their merits, the court, on its own motion but after consultation with counsel, has amended the scheduling order to extend expert discovery and related deadlines.[10] Accordingly, defendant's summary judgment motion (ECF No. 19) is denied as moot.

The court agrees with defendant's assertion that it had no obligation under the Federal Rules or this district's local rules to confer with plaintiff prior to seeking summary judgment. However, in light of plaintiff's representation that its failure to timely disclose experts was inadvertent, as opposed to a conscious election by plaintiff to proceed in this case without any expert, granting judgment in favor of defendant on that basis is more akin to dismissal as a discovery sanction. Fed. R. Civ. P. 37(c)(1) authorizes dismissal as a sanction for a party's failure to provide information or identify a witness as required by Rule 26(a) or (e). However, the Tenth Circuit has observed that dismissal with prejudice is an extreme sanction, and thus "is considered appropriate only in cases involving 'willfulness, bad faith, or [some] fault' on the part of the party to be sanctioned."[11] Accordingly, before imposing dismissal as a sanction,

> … a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. … Only when the aggravating factors

---

[10] *See* ECF No. 24.

[11] *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)).

5

Nevertheless, in light of the court's strong predisposition to resolve cases on their merits, the court, on its own motion but after consultation with counsel, has amended the scheduling order to extend expert discovery and related deadlines.[10] Accordingly, defendant's summary judgment motion (ECF No. 19) is denied as moot.

The court agrees with defendant's assertion that it had no obligation under the Federal Rules or this district's local rules to confer with plaintiff prior to seeking summary judgment. However, in light of plaintiff's representation that its failure to timely disclose experts was inadvertent, as opposed to a conscious election by plaintiff to proceed in this case without any expert, granting judgment in favor of defendant on that basis is more akin to dismissal as a discovery sanction. Fed. R. Civ. P. 37(c)(1) authorizes dismissal as a sanction for a party's failure to provide information or identify a witness as required by Rule 26(a) or (e). However, the Tenth Circuit has observed that dismissal with prejudice is an extreme sanction, and thus "is considered appropriate only in cases involving 'willfulness, bad faith, or [some] fault' on the part of the party to be sanctioned."[11] Accordingly, before imposing dismissal as a sanction,

> … a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. … Only when the aggravating factors

---

[10] *See* ECF No. 24.

[11] *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)).

5

outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.[12]

Under these circumstances, the court does not find the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. Trial is not set in this matter until February 7, 2018, and the expert discovery deadlines may be amended without disturbing the dispositive motion deadline or trial setting.[13] While the undersigned does not find plaintiff's counsel's "oversight" sufficient to constitute good cause under Rule 16, the record does not support a finding that plaintiff has acted willfully or in bad faith. Of course, at the scheduling conference, the undersigned expressly warned the parties of the consequences of failing to comply with the scheduling order deadlines. Finally, the court finds lesser sanctions are warranted. In consideration of the foregoing, the court concludes modification of the scheduling order is appropriate.

Of course, the court recognizes defendant has incurred costs resulting from plaintiff's failure to comply with the scheduling order. Fed. R. Civ. P. 16(f) authorizes a court to issue any just order if a party or its attorney fails to obey a scheduling or other pretrial order.[14] Instead of or in addition to any other sanction, the court must order the party or its attorney "to pay the reasonable expenses—including attorneys' fees—

---

[12] *Id.* (internal citations omitted).

[13] *See* ECF No. 24.

[14] Fed. R. Civ. P. 16(f)(1)(C).

incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."[15]  For the same reasons the court does not find plaintiff's "oversight" sufficient to constitute "good cause," the court does not find plaintiff's noncompliance to be substantially justified or an award of expenses to be unjust.  Accordingly, plaintiff is directed to pay defendant the attorney fees defendant incurred associated with its summary judgment motion, limited to $5,000.00.  Defendant shall provide plaintiff with a detailed billing statement by December 30, 2016.[16]  Plaintiff shall reimburse defendant by January 14, 2017.

    IT IS SO ORDERED.

    Dated December 14, 2016, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge

---

[15] Fed. R. Civ. P. 16(f)(2).

[16] Defendant's billing statement shall include the identity of the billing attorney, the attorney's hourly rate, the amount of time billed the tasks performed, and the resulting charges to the client.