UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                Plaintiff,

v.                                      Case No. 16-2380-DDC

HAWKER BEECHCRAFT GLOBAL CUSTOMER
SUPPORT, LLC,

                Defendant.

## **ORDER**

This is a negligent-bailment case. The plaintiff, Prudential Insurance Company of America ("Prudential"), alleges its aircraft incurred more than half a million dollars in damages during a hail storm while in the possession and control of the defendant, Hawker Beechcraft Global Customer Support, LLC ("HBS"). Following an unsuccessful court-ordered mediation on January 9, 2017, HBS has filed a motion for sanctions, based on Prudential's failure to send a party representative to attend the mediation in person (ECF No. 31). Specifically, HBS seeks to recover its attorneys' fees and out-of-pocket expenses directly associated with preparing for and participating in the mediation. For the reasons set forth below, and with no pleasure in imposing sanctions twice in this case within just a couple of months, the motion is granted.

The court, in its amended scheduling order entered December 13, 2016, directed the mediation to be held on January 9, 2017 in Wichita, with the parties' agreed-upon

1

mediator, Kurt Harper, Esq..[1]  For context, as previously explained in detail in a separate order (ECF No. 25), the amended scheduling order was necessary mainly because Prudential, the very well-financed company that initiated this litigation, ignored (supposedly by "oversight") the deadlines in the court's original scheduling order (ECF No. 12) with regard to making a settlement demand, and also with regard to disclosing an expert witness (which everyone agrees is needed in order for Prudential to prove up its damages claims).

HBS's counsel attended the mediation, in person, accompanied by an HBS representative and also a representative of HBS's insurer (both in person).  Attorneys from the firm of Fields & Brown, LLC physically attended on behalf of Prudential.  HBS contends, and Prudential does not dispute, that Prudential failed to send a party representative to the mediation.  There's nothing in the record suggesting that Prudential ever extended HBS the simple courtesy of providing advance notice that a company representative with authority wouldn't be attending in person, nor that the mediator pre-approved anything along those lines.

Prudential claims that two representatives, each of whom had full settlement authority, "attended" the mediation by telephone.  Prudential asserts its Vice President and Corporate Counsel, Michael Fierro, was "present throughout the day via telephone to participate fully in all conversations," and that a business representative, James Mason,

---

[1] ECF No. 24.

"would provide additional input on any inquiry" as necessary.[2] The case didn't settle at mediation and, according to HBS, very little progress was made.

D. Kan. Rule 16.3(c)(2) provides, in relevant part:

> Attendance by a party or its representative with settlement authority at the mediation is mandatory, unless the court orders otherwise. The purpose of this requirement is to have the party or representative who can settle the case present at the mediation.… The parties' attorney(s) responsible for resolution of the case must also be present.

In *Turner v. Young*, 205 F.R.D. 592, 595 (D. Kan. 2002), the undersigned magistrate judge interpreted a prior version of this local rule and clarified "'[a]ttendance' means to be appear in person and participate directly, not to stand by or participate by telephone." The opinion issued in *Turner* was submitted for publication "with the intent of ensuring that attorneys and litigants are aware that the undersigned expects party representatives with full, meaningful settlement authority to personally appear and directly participate in settlement conferences with a district judge or magistrate judge, as well as mediation sessions facilitated by a private mediator."[3]  The undersigned cautioned "failure to abide by these guidelines will be regarded as exhibiting a lack of good faith, and could warrant sanctions under Fed. R. Civ. P. 16(f)."[4]

---

[2] ECF No. 35 at 2.

[3] *Turner*, 205 F.R.D. at 596.

[4] *Id.* at 595.  Among other post-*Turner* modifications to Local Rule 16.3, subsection (c)(4) was added, providing that "[u]nless all parties agree, only the court may excuse the presence of a person with settlement authority from attending the mediation in person." Subsection (c)(5) specifically contemplates sanctions pursuant to Fed. R. Civ. P. 16(f).

3

Prudential argues that "[g]iven the structure of the mediation as determined by the mediator (no face to face communication between the parties during the mediation), presence by telephone and physical presence in this case is a distinction without substance."[5] The court flatly disagrees.

To be sure, participation by telephone of a party representative who has knowledge of the facts of the case and who has full, meaningful settlement authority is preferable to the physical presence of a party representative who doesn't really know the facts of the case or who lacks complete authority to settle the case. But that misses the point. Whatever the structure of the mediation in this instance, Prudential presumptuously and unilaterally left the mediator without the option of bringing the parties together face-to-face. This option may have become increasingly attractive throughout the six-hour mediation, with each party asserting the other's failure to negotiate in good faith.

Consistent with D. Kan. Rule 16.3, and *Turner*, the court finds sanctions are warranted and must now determine the appropriate amount. As earlier indicated, unfortunately this isn't the first instance in this litigation in which sanctions have been imposed against Prudential for failure to comply with the court's orders.[6] In connection with the instant motion, HBS has submitted a statement of its attorney's fees and

---

[5] ECF No. 35 at 4.

[6] *See* ECF No. 25.

expenses associated with preparing for and participating in the mediation.[7]  Notably, in its opposition brief, Prudential doesn't take issue with the total amount of fees and expenses sought, the timekeepers' rates, or any specific entry.  The court has conducted an independent review of the fees and expenses claimed  --  while they're arguably on the high side, given the detail and complexity of the damages claimed by Prudential, the court finds the fees and expenses are reasonable.  Aside from a clear violation of the court's local rules, it would seem fundamentally unfair to make HBS "eat" those considerable expenses when it properly prepared for and participated in the mediation, while Prudential clearly did not.  Accordingly, Prudential is directed to pay sanctions to HBS in the amount of $13,910.98 by February 28, 2017.

    IT IS SO ORDERED.

    Dated February 14, 2017, at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge

---

[7] ECF No. 34.